[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a limited contested dissolution of marriage action. In his answer, the defendant has admitted the substantive allegations of the complaint, and filed a cross-complaint.
The Court makes the following findings and enters orders as follows:
The parties intermarried on September 18, 1976 in East Hartford, Connecticut. The plaintiff has lived continuously within Connecticut for longer then one year next preceding the date of the complaint. There are two minor children issue of the marriage, to wit: John Bowler, born March 22, 1981 and Marian Bowler, born August 20, 1982.
The parties are not receiving state or local governmental assistance for themselves or their minor children.
The marriage has broken down irretrievably and it is ordered dissolved on those grounds.
The Court does not ascribe significant fault for the breakdown to either party. They have gradually become estranged CT Page 11098 from each other as seems to sometimes happen, even in relatively long term marriages. Plaintiff's argument that the defendant, who had fathered a child when he was in the Phillippines, which she did not learn about until 1982, was a major cause of the breakdown, is not persuasive. The marriage endured for many years since that revelation and the plaintiff conceded that when the defendant's daughter came to the United States in 1991, they bonded easily with each other, thus belying that argument. (That revelation, however, was a stress factor in 1982).
In entering its property and monetary orders, the Court is cognizant of, and has considered the provisions of §§ 46b-81
and 46b-82 of the Connecticut General Statutes.
Custody: The parties shall have joint legal custody of the minor children. Primary physical residence shall be with the plaintiff wife. The defendant husband shall have reasonable visitation with said children.
Child Support: The husband shall pay child support in the amount of $281 weekly, enforceable by a contingent wage execution. The amount of child support is in accordance with Connecticut child support guidelines.
Marital Residence: The parties jointly own their marital home located on Slocum Road in the town of Hebron. It is a colonial style home situated on a parcel of land of approximately 16 acres. They purchased the land in 1976 and built the existing residence thereon. Currently the wife resides there with the minor children. The defendant is not opposed to the plaintiff continuing to reside there until the children are through high school but does seek a distribution of the equity in the property, which is a substantial part of their marital assets.
From the testimony presented, the court finds the property has an approximate fair market value of $230,000. There is a first mortgage with a loan balance of approximately $82,600.
Therefore, the parties shall remain joint owners of the Slocum Road, Hebron property. When the youngest child, Marian, graduates from high school or on September 1, 2000, whichever sooner occurs, the property shall be placed on the market for sale, with the net proceeds divided equally between the parties. Until said property is sold or unless the plaintiff vacates the property sooner, the plaintiff shall reside in the family home. CT Page 11099 Until the time of sale or earlier vacating the plaintiff shall be responsible for mortgage payments and taxes payable as of the date of this decision. The parties shall be equally responsible for reasonable and necessary major repairs to said property, including, but not limited to roofing, replacement windows and chimney repairs. Non-major repairs shall be the responsibility of the plaintiff.
East Hampton property: The defendant shall retain his interest in the property at 6 Hills Avenue, East Hampton, Connecticut, which has no equity value. The defendant shall, however, assume and hold the plaintiff harmless from the second mortgage on the Hebron property in the original principal amount of $10,000 (which the defendant used to purchase the East Hampton property.)
Alimony: This is a marriage of 21 years. The husband has a gross annual salary of $72,000. The wife's gross income (from a full-time and a part-time job) is approximately $40,600. The defendant also derives income from the two family home in East Hampton. He resides in one unit and rents the other for $600 per month. He contributes $138 weekly to his 401K retirement plan. He has been paying $50 weekly as alimony pendente lite. Given the disparity in income and the living arrangements while the children are in school, alimony is ordered as follows: The defendant shall pay periodic alimony of $110.00 weekly until the Hebron property is sold, or until September 1, 2000, whichever sooner occurs. Thereafter, he shall pay alimony in the amount of $55.00 per week for a total combined 520 weeks. That is, the defendant shall pay alimony for 520 weeks in total in accordance with the payment schedule ordered. Said alimony shall be non-modifiable as to term.
Automobiles: The plaintiff shall have the 1994 Chevrolet Cavalier. The defendant shall have the 1988 Ford truck and the 1996 Plymouth Neon. The parties shall effectuate any paperwork necessary to transfer to title to said vehicles as required. Each party shall be responsible for any loan balance on the vehicle or vehicles assigned to her or him and any other costs associated with their assigned vehicles.
Medical Insurance: The defendant shall maintain the minor children on medical/dental insurance as available through his employment. The parties shall share equally any unreimbursed medical, dental, optical and prescription costs. CT Page 11100
Taxes: The plaintiff shall claim the minor child Marian as a dependent for tax purposes. The defendant shall claim the minor child John as a dependent for tax purposes.
Life Insurance: The defendant shall name the minor children as irrevocable beneficiaries on his $100,000 face value life insurance policy until the youngest child reaches 18 years of age. He shall name the plaintiff as irrevocable beneficiary of his $75,000 life insurance policy as long as he has an alimony obligation.
Miscellaneous: The defendant shall be responsible for one half of a promissory note in the amount of $2200 as shown on the plaintiff's financial affidavit which was incurred for furnace repairs. He shall pay $1100 to the plaintiff within 45 days.
The defendant shall be responsible for 65% of the property taxes due presently due and owing on the Hebron property in the amount of $6742. The plaintiff shall be responsible for 35% of said bill.
The parties shall otherwise be responsible for the liabilities listed on their respective financial affidavits.
Each party shall be responsible for his/her own attorneys fees.
Each party shall retain in his/her possession personal property presently in their possession and shall each keep all other assets as shown on their financial affidavits.
The plaintiff's maiden name of Patricia Kamarowski is ordered restored to her.
The cross-complaint is dismissed as moot.
Klaczak, J.